IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK BRADFORD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-1067-RP |
| NATIONWIDE INSURANCE COMPANY OF AMERICA; NATIONWIDE MUTUAL INSURANCE COMPANY; ON YOUR SIDE NATIONWIDE INSURANCE AGENCY, INC.; NATIONWIDE INSURANCE COMPANY OF FLORIDA; NATIONWIDE GENERAL INSURANCE COMPANY; PCM LOGISTICS, LLC; AF BUSINESS SERVICES, LCC; ISO CLAIMS SERVICES, INC.; and AGENT DOES 1-999; | § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are motions to dismiss filed by Defendants Nationwide Insurance Company of America; Nationwide Mutual Insurance Company; On Your Side Nationwide Insurance Agency, Inc.; Nationwide Insurance Company of Florida; and Nationwide General Insurance Company (collectively, "Nationwide"), (Dkt. 3), and Defendant ISO Claims Services, Inc. ("ISO Claims"), (Dkts. 9, 10). Having considered the parties' arguments, the record, and the relevant law, the Court agrees that dismissal of Plaintiff's claims is appropriate under Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

Plaintiff Mark Bradford ("Bradford") is a software developer who allegedly develops and distributes products that create forms used in the home mortgage lending and insurance industries (the "WinSketch products"). (Compl., Dkt. 1, at 7). According to Bradford, he owns the copyright for a product called WinSketch Insurance, which he developed for Nationwide but which

1

Nationwide lacks permission to use. (*Id.* at 7–8). Bradford alleges that Nationwide has and continues to use WinSketch Insurance without a license. (*Id.* at 8). Bradford asserts causes of action against Nationwide for tortious interference with contract and fraud, (*id.* at 8–9), and requests relief under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Civ. Prac. & Rem. Code § 17.50(a)(2), as well as 17 U.S.C. §§ 503 and 504, (*id.* at 11). Bradford's complaint includes no allegations specific to ISO Claims. Nationwide and ISO Claims each ask the Court to dismiss all of Bradford's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Nationwide Mot. Dismiss, Dkt. 3, at 20; ISO Claims Mem. Mot. Dismiss, Dkt. 10, at 12).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—-that the pleader is entitled to relief." *Id.* at 679 (quotation marks and citation omitted).

**III. DISCUSSION**

*A. Nationwide*

1. Copyright infringement

Nationwide argues that Bradford fails to plausibly allege that it infringed Bradford's copyright to the WinSketch Insurance software. (Nationwide Mot. Dismiss, Dkt. 3, at 10–11). The Court agrees. To prove a claim for copyright infringement, a plaintiff must establish: (1) ownership of the copyrighted material and (2) copying by the defendant. *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400 (5th Cir. 2000). To prove copying, a plaintiff must prove factual copying and substantial similarity. *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). A plaintiff must also prove that a defendant used the accused copies in a manner described in 17 U.S.C. § 106. *See Engenium Sols., Inc. v. Symphonic Techs., Inc.*, 924 F. Supp. 2d 757, 782 (S.D. Tex. 2013) ("After establishing these threshold requirements, a plaintiff must prove that a defendant used the accused copies in any of the ways described in Section 106 of the Copyright Statute.") (citation and quotation marks omitted); *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999) ("[The plaintiff] must establish that [the defendant] has violated one or more of the five exclusive rights granted to a copyright holder [in Section 106].").

Nationwide argues that Bradford failed to allege that it infringed any of the exclusive rights defined in Section 106, which include:

(1)  to reproduce the copyrighted work in copies or phonorecords;
(2)  to prepare derivative works based upon the copyrighted work; [or]
(3)  to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

17 U.S.C. § 106. (Nationwide Mot. Dismiss, Dkt. 3, at 10). Bradford fails to address this argument in his response. (*See* Resp. Nationwide Mot. Dismiss, Dkt. 6, at 2–4). In his complaint, Bradford alleges that Nationwide has used WinSketch Insurance without a

3

license. (*See, e.g.*, Compl., Dkt. 1, at 4). Bradford does not, however, allege that Nationwide reproduced or distributed copies of the software. Bradford alleges that Nationwide is using WinSketch Insurance, (*id.* at 5), and that other unnamed defendants conspired to distribute WinSketch Insurance to Nationwide, (*id.*). These allegations, however, do not state a claim for copyright infringement because they do not allege that Nationwide is infringing any of Bradford's exclusive rights under Section 106. The Court therefore agrees with Nationwide that dismissal of this claim under Rule 12(b)(6) is appropriate.

### 2. DTPA

Nationwide argues that Bradford's DTPA claim should be dismissed because Bradford fails to allege that he is a consumer. (Nationwide Mot. Dismiss, Dkt. 3, at 13). The Court agrees. "Only a 'consumer' can maintain a cause of action directly under the DTPA." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 286 (Tex. 2000). A consumer under the DTPA is one who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). According to Bradford's complaint, he did not seek or acquire goods or services from Nationwide; on the contrary, he provided goods to Nationwide. (*See* Compl., Dkt. 1, at 5–6 (alleging that it was deceptive for unidentified defendants to distribute WinSketch Insurance without a license)). Because Bradford does not plausibly allege that he is a consumer with respect to Nationwide, he cannot maintain a cause of action against it under the DTPA.

### 3. Tortious Interference with Contract

Nationwide argues that Bradford's tortious interference with contract claim should be dismissed because Bradford fails to plausibly allege the existence of a contract. (Nationwide Mot. Dismiss, Dkt. 3, at 14–15). The Court agrees. "The elements of tortious interference with a contract are (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of damages; and (4) actual damages or loss occurred."

4

*Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 880 n.2 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "To prevail on a tortious interference claim, a plaintiff must present evidence that the defendant interfered with a specific contract." *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 361 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Bradford alleges that Nationwide "intentionally interfered with its Distributorship Agreements" without identifying the other parties to those agreements or even a specific agreement with which Natiowide interfered. Failure to allege a specific contract warrants dismissal. *See Serafine v. Blunt*, 466 S.W.3d 352, 361 (Tex. App.—Austin 2015, no pet.) (dismissing plaintiffs' tortious interference claim where they "did not provide detail about the specific terms of the contract or attach to his affidavit any contract or other document memorializing any agreement").

4. Fraud

Nationwide argues that Bradford's fraud claim should be dismissed because Bradford fails to plead his claim with the particularity required by Federal Rule of Civil Procedure 9(b). (Nationwide Mot. Dismiss, Dkt. 3, at 14–15). The Court agrees. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." *See also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted). Bradford fails to identify a fraudulent statement or any details about when and where such a statement was made. (*See* Compl., Dkt. 1, at 9). A dismissal for failure to plead fraud with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013). Because Bradford failed to plead his fraud claim with sufficient particularity, the Court will dismiss that claim.

5

*B. ISO Claims*

ISO Claims asks the Court to dismiss all of Bradford's claims against it because his complaint fails to allege any facts concerning ISO Claims. (ISO Claims Mem. Mot. Dismiss, Dkt. 10, at 1). Bradford has not responded to ISO Claims' motion. *See* W.D. Tex. Loc. R. CV-7(e)(2) (stating that the Court may grant a motion as unopposed when no timely response is filed). The Court will grant ISO Claims' motion as unopposed and dismiss Bradford's claims against it.

### III. CONCLUSION

Both Nationwide and ISO Claims ask the Court to dismiss Bradford's claims with prejudice. (Nationwide Mot. Dismiss, Dkt. 3, at 20; ISO Claims Mem. Mot. Dismiss, Dkt. 10, at 12). Bradford requests leave to amend his complaint. (Resp. Nationwide Mot. Dismiss, Dkt. 6, at 6). While the decision to allow a party to amend its pleadings is within a district court's discretion, *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted), Rule 15 "evinces a bias in favor of granting leave to amend," *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). "The Court should grant the opportunity to amend unless it concludes that the plaintiff cannot prevail under any legal scenario based on the factual allegations alleged in the complaint." *Linder v. Deutsche Bank Nat'l Tr. Co.*, No. EP-14-CV-00259-DCG, 2015 WL 12743639, at *6 (W.D. Tex. Jan. 6, 2015) (citing *Carroll v. Fort James Corp.*, 470 F.3d. 1171, 1175 (5th Cir. 2006)). That is, the Court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has already alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). The Court also observes the Fifth Circuit's reluctance to dispose of a cause of action simply for failure to comply with a response deadline imposed by the local rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (noting disapproval of an automatic grant of a dispositive motion for failure to comply with local rules).

Here, Bradford has not yet amended his complaint, and the Court is dismissing his claims either because he failed to allege facts required to establish elements of a cause of action or because he failed to respond in accordance with the Court's local rules. Accordingly, the Court will grant Bradford leave to amend.

Therefore, the Court **ORDERS** that Nationwide's Motion to Dismiss, (Dkt. 3), and ISO Claims' Motion to Dismiss, (Dkt. 9), are each **GRANTED**, insofar as the Court dismisses Bradford's claims against the Nationwide defendants and against ISO Claims. However, those claims are **DISMISSED WITHOUT PREJUDICE** and Bradford is granted leave to amend his complaint.

**SIGNED** on May 31, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE