IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK BRADFORD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA; NATIONWIDE MUTUAL INSURANCE COMPANY; ON YOUR SIDE NATIONWIDE INSURANCE AGENCY, INC.; NATIONWIDE INSURANCE COMPANY OF FLORIDA; NATIONWIDE GENERAL INSURANCE COMPANY; PCM LOGISTICS, LLC; AF BUSINESS SERVICES, LCC; ISO CLAIMS SERVICES, INC.; and AGENT DOES 1-999; | § § § § § § § § § § § § § | 1:17-CV-1067-RP |
| Defendants. | § § | |

## ORDER

Before the Court is a second set of motions to dismiss filed by Defendants Nationwide Insurance Company of America; Nationwide Mutual Insurance Company; On Your Side Nationwide Insurance Agency, Inc.; Nationwide Insurance Company of Florida; and Nationwide General Insurance Company (collectively, "Nationwide"), (Dkt. 29), and Defendant ISO Claims Services, Inc. ("ISO Claims") (altogether, "Defendants"), (Dkt. 27). Having considered the parties' arguments, the record, and the relevant law, the Court finds that Defendants' motions to dismiss should be granted.

## I. BACKGROUND

Plaintiff Mark Bradford ("Bradford") is a software developer who allegedly develops and distributes products that create forms used in the home mortgage lending and insurance industries (the "WinSketch products"). (Am. Compl., Dkt. 23, at 2–3). According to Bradford, he owns the copyright for a product called WinSketch Nationwide Insurance, which he developed for

1

Nationwide, but Nationwide lacks permission to use. (*Id.* at 4–5). Bradford alleges that Nationwide has and continues to use WinSketch Insurance without a license. (*Id.* at 5–6). Bradford alleges that ISO Claims assigned its license to use an unidentified Winsketch software product without permission and that ISO Claims is copying that software without authorization. (*Id.* at 7).

In his original complaint, Bradford asserted causes of action against Nationwide for tortious interference with contract, fraud, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of federal copyright law. (Compl., Dkt. 1, at 8–11). Bradford named ISO Claims as a defendant in his initial complaint but stated no claims against it. (*See id.*). Both Nationwide and ISO Claims moved to dismiss Bradford's original claims against under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 3, 9). The Court granted those motions and dismissed all of Bradford's original claims against Defendants without prejudice. (Dkt. 21). The Court granted Bradford leave to amend, (*id.* at 7), and Bradford did so, (Dkt. 23).

Bradford's amended complaint abandons his DTPA and tortious interference claims. (*Id.*). Remaining are only a copyright infringement claim against Nationwide, his fraud claim against Nationwide, and a copyright infringement claim against ISO Claims. (*Id.* at 4–8). Defendants seek dismissal of these amended claims under Rule 12(b)(6). (Dkts. 27, 29). Bradford timely responded to each motion. (Dkts. 31, 32).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and citation omitted).

In deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Finally, a court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

### III. DISCUSSION

*A. Nationwide*

<u>1. Copyright Infringement</u>

The Copyright Act of 1976 bars a plaintiff from bringing an infringement action for any United States work until preregistration or registration of the copyright claim has been made. 17 U.S.C. § 411(a). "If a plaintiff does not have a copyright registration, her claim may be dismissed for failure to state a claim." *Real Estate Innovations, Inc. v. Hous. Ass'n of Realtors, Inc.*, 422 F. App'x 344, 348 (5th Cir. 2011). Bradford alleges that he owns the copyright registrations for two software products: WinSketch Pro (Registration No. TX-8-384-187) and WinSketch v2.x (Registration No.

3

TX-8-424-644). (Am. Compl., Dkt. 23, at 4). Certificates of registration are attached to Bradford's complaint. (Dkt. 23-1). However, Bradford's amended complaint does not allege that Nationwide has infringed his exclusive rights to either of these products. Instead, Bradford alleges that he "owns a valid copyright to" a third product with a different name: "the Nationwide Insurance version of WinSketch Nationwide Insurance software." (Am. Compl., Dkt. 23, at 4–5). In fact, "WinSketch Nationwide Insurance" is the only product to which Bradford refers throughout his allegations. (*See id.* at 5–7). For example, Bradford alleges that Nationwide "had access to WinSketch Nationwide Insurance software," "made numerous unauthorized copies of WinSketch Nationwide Insurance software," and violated his "exclusive right to reproduce WinSketch Nationwide Insurance version [sic] software." (*Id.*). To further confuse the matter, as evidence of Nationwide's access and use, Bradford attached to his complaint a November 2013 letter from Nationwide offering to buy a license to continue using a fourth product: WinSketch version 7.8.3. (Schaffer Letter, Dkt. 23-3).

Nationwide argues that Bradford's copyright claim must be dismissed because his amended complaint does not allege that the infringed product is registered with the Copyright Office. (2nd Nationwide Mot. Dismiss, Dkt. 29, at 8–9). Bradford responds that his copyright ownership for "WinSketch Nationwide Insurance" is evidenced by the registration certificates for WinSketch Pro and WinSketch v2.x attached to his amended complaint. (Resp. 2nd Nationwide Mot. Dismiss, Dkt. 32, at 2). Of course, Bradford does not have to prove his allegations at this stage of the litigation; they must be taken as true if they are more than conclusory. *Iqbal*, 556 U.S. at 678. And Bradford does allege that he "owns a valid copyright to the . . . WinSketch Nationwide Insurance software," the work that Nationwide allegedly infringed. (Am. Compl., Dkt. 23, at 4; *see also id.* at 5–7). By itself, that might suffice to plausibly allege his copyright registration for that work.

However, the Court may consider documents that Bradford attaches to his own pleadings, *Lone Star Fund V*, 594 F.3d at 387, which in this instance do not match the name of the allegedly

4

infringed work. Nowhere does Bradford allege that Nationwide has copied or distributed WinSketch Pro or WinSketch v2.x in violation of his exclusive rights in those registered works. Nowhere does he allege that either of those two registered products are identical to "WinSketch Nationwide Insurance software," the work that Nationwide allegedly copied. Indeed, by pointing to his registrations for WinSketch Pro and WinSketch v2.x as support for his allegation that he has registered a copyright for "WinSketch Nationwide Insurance," Bradford's pleadings render it implausible that he does in fact own a copyright for "WinSketch Nationwide Insurance." And without a plausible allegation that he owns a copyright registration for the product that Nationwide allegedly infringed, his infringement claim against Nationwide must be dismissed. *Real Estate Innovations,* 422 F. App'x at 348.

### 2. Fraud

Bradford's second cause of action against Nationwide is labeled "fraud." (Am. Compl., Dkt. 23, at 7–8). To prove a fraud claim under Texas law, a plaintiff must show:

> (1) the defendant "made a material representation that was false"; (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result.

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018), *reh'g denied* (June 15, 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

The Court dismissed Bradford's original fraud claim because it did not meet the requirements of Federal Rule of Civil Procedure 9(b): he did not identify a fraudulent statement or any details about when and where such a statement was made. (Order, Dkt. 21, at 5).[1] In his

---

[1] Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." *See also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("Rule 9(b) requires that plaintiffs plead enough facts to illustrate "the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted).

amended complaint, Bradford specifies the nature of the alleged fraud. He contends that the November 2013 letter from Nationwide "was fraudulent to lead Bradford into believing they [Nationwide] had a fully paid up perpetual license." (Am. Compl., Dkt. 23, at 8). In that letter, Nationwide states that it believes it "has used and continues to use the WinSketch product in compliance with its applicable license agreement." (*Id.*). According to Bradford, this representation "is fraudulent and Nationwide Insurance continued to use Bradford's WinSketch Nationwide Insurance version software without authority and with fraudulent intent of having a perpetual license." (*Id.*).

As Nationwide points out, nowhere does Bradford allege that he actually relied—justifiably or otherwise—on this alleged misrepresentation. (2nd Nationwide Mot. Dismiss, Dkt. 29, at 22). Bradford offers no objection; indeed, his response is silent as to his fraud claim. (*See* Resp. 2nd Nationwide Mot. Dismiss, Dkt. 32). Even assuming that Bradford plausibly alleged the remaining elements of a fraud claim, this deficiency is fatal to his claim at this stage in the litigation. Without allegations of justifiable reliance, Bradford fails to state a plausible claim for relief on his fraud claim against Nationwide. That claim must be dismissed under Rule 12(b).

*B. ISO Claims*

Bradford asserts a single claim of copyright infringement against ISO Claims. (Am. Compl., Dkt. 23, at 7). He alleges as follows:

> ISO Claims Services Inc. by failing to get consent of Bradford to assignment of WinSketch software violated 17 U.S.C. § 106(1)-(3) under a Software Technology License Agreement dated June 7, 1996 by and between Bradford and ISO Claims Services, Inc. on behalf of its ACI Division that it sold in 2014 and on information and belief Bradford has knowledge of the new entity that acquired ACI Division from ISO Claims Services is still copying and using without Bradford's authorization the WinSketch software version 7 that is compatible with Windows 10 operating systems and was in use as of 02/17.

6

(*Id.*). Bradford appears to allege two copyright violations: (1) an assignment by ISO Claims of an unspecified WinSketch product in 1996 and (2) ongoing copying of WinSketch 7 by some entity that is not ISO Claims. (*See id.*).

The former is time-barred; federal copyright actions are subject to a three-year statute of limitations. 17 U.S.C. § 507(b). The latter concerns a different, unnamed defendant: the "new entity that acquired ACI Division from ISO Claims Services." (Am. Compl., Dkt. 23, at 7). Whichever entity that is, it is not ISO Claims. Bradford supplies no argument to the contrary in his response to ISO's motion. (*See* Resp. 2nd ISO Claims Mot. Dismiss, Dkt. 31). Because Bradford does not allege that ISO Claims has violated any of his exclusive rights in a copyrighted work within the applicable statute of limitations, his claim against ISO Claims must be dismissed.

## IV. LEAVE TO AMEND

Although Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and "evinces a bias in favor of granting leave to amend, it is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotation marks and citation omitted). Among other things, "a party must 'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Even though "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Bradford has neither requested leave to amend his amended complaint nor

7

indicated in what he might add to a second amended complaint. (*See* Resp. Mot. Dismiss, Dkt. 8). The Court therefore declines to *sua sponte* permit Bradford to amend his complaint a second time.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that ISO Claims's Motion to Dismiss, (Dkt. 27), and Nationwide's Motion to Dismiss, (Dkt. 29), are each **GRANTED**. Bradford's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 28, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE